**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Nino C. DUARTE, Defendant–Appellant.**

**No. 89–30136.**

United States Court of Appeals,
Ninth Circuit.

Submitted March 9, 1990.

Decided April 27, 1990.

---

Sidney K. Billingslea, Asst. Federal Public Defender, Anchorage, Alaska, for defendant-appellant.

Crandon Randell, Asst. U.S. Atty., Anchorage, Alaska, for plaintiff-appellee.

Before BROWNING, ALARCON and RYMER, Circuit Judges.

ALARCON, Circuit Judge:

Nino Duarte appeals from his sentence of twenty-four months imprisonment after a conviction for distributing two ounces of cocaine in violation of 21 U.S.C. § 841(a)(1). Duarte contends that the district court erred in determining that under the Sentencing Guidelines, letters submitted on a defendant's behalf at sentencing must be ignored. We conclude that the district court may, but need not, consider the defendant's character as described in letters to the court or probation office as a basis for finding a sentence within the Guideline range. We vacate the sentence and remand for resentencing.

I

On December 13, 1988 a federal grand jury indicted Duarte on two counts of distribution of a controlled substance in violation of 21 U.S.C. § 841(a)(1). After trial by jury, Duarte was found guilty of one count of distributing cocaine. The court sentenced Duarte on May 12, 1989, under the Sentencing Guidelines.

Based upon the facts set forth in the presentence report showing that Duarte distributed 59 grams of cocaine and that his criminal history category was 1 because he has no prior convictions, the district court found that the base level of the offense was 16. *See* United States Sentencing Commission, *Guideline Manual* (U.S. S.G.) § 2D1.1. No adjustments in offense level were made. The Guideline sentencing range for an offense level of 16 is 21–27 months. *See* (U.S.S.G.) Ch. 5, Pt. A. The district court imposed a prison term of twenty-four months, to be followed by supervised release for four years, and a fine with a special assessment of $4,400.

At the sentencing hearing, the trial judge indicated that he had reviewed four letters written by Duarte's friends and associates. The letters described Duarte's devotion to church and family, his contributions to the community, and his good character. This information was not contained in the presentence report. Instead, the report contained facts concerning Duarte's birthplace, marital history, and children.

At the sentencing hearing, the trial judge stated that he had received and reviewed the letters. He then made the following statements, however, concerning the effect of letters on the sentencing decision:

> Lest I forget it, though, I wanted to say, about these letters, that this is something that has historically and traditionally been done; the submission of these letters, under guideline sentencing, doesn't, frankly, have a whole lot of value anymore. More often than not, they are well intended efforts to persuade someone like me that he or she should take into consideration family, work history, things like that, that, under guideline sentencing, *I am, in substance, told that I must just simply ignore.* And my concern is that, frankly, that soliciting these letters from well-meaning people will leave them with the impression that they are helping and that their input is likely to do some good, when, quite frankly I'm afraid, *it can't do a whole lot of good under guideline sentencing* and probably leaves these people with the impression that I'm paying no attention to them, that I'm ignoring their input, and I don't mean to do that, but *I have no choice.* So you might consider that in the future. (emphasis added).

From these statements it is impossible to tell whether the trial judge was simply explaining that letters have a different and more limited effect under guideline sentencing, or was instead declaring his belief that under the Sentencing Guidelines he

had "no choice" but to disregard them altogether. Because the Sentencing Guidelines do not preclude consideration of letters for certain limited purposes, including where within the applicable range a sentence should fall, we must remand for resentencing.

## II

Duarte raises two arguments on appeal: (1) the language of 18 U.S.C. §§ 3553 and 3661 requires the district court to consider information concerning a defendant's background and character, and (2) the district court's failure to consider the letters infringed his due process right to a fair sentence.

We must review *de novo* the court's conclusion that under the Sentencing Guidelines he had no choice but to "simply ignore" the contents of letters setting forth facts regarding a defendant's background and character. "We review *de novo* the application of the Sentencing Guidelines." *United States v. Restrepo*, 884 F.2d 1294, 1295 (9th Cir.1989).

## III

■ Duarte argues that language contained in 18 U.S.C. §§ 3553(a) and 3661 mandates that the sentencing judge consider letters offered on the defendant's behalf at sentencing. The statute under which the Sentencing Guidelines were promulgated, 28 U.S.C. § 994(a) (1982), requires the United States Sentencing Commission to adopt Sentencing Guidelines that are "consistent with all provisions of this title and Title 18 United States Code." *Id.* Thus, Duarte argues, the Sentencing Guidelines must be consistent with section 3553(a) and section 3661. Section 3553(a) provides that: "the court, in determining the particular sentence to be imposed, *shall* consider—(1) the nature and circumstances of the offense and the history and characteristics of the defendant." 18 U.S.C. § 3553(a) (1982) (emphasis added).

Duarte asserts that because the facts set forth in the letters demonstrate that he has a history of being a contributing member of society and is a person of good character, the district court was required to consider them in formulating his sentencing decision. Duarte also maintains that section 3661 requires a sentencing judge to consider facts relating to a defendant's background and characteristics contained in letters submitted to the trial judge prior to sentencing. Section 3661 states that "no limitation shall be placed on the information concerning the background, character, and conduct of a person convicted of an offense which a court of the United States may receive and consider for the purpose of imposing an appropriate sentence." 18 U.S.C. § 3661 (1982). Duarte argues that the district judge's determination that he must ignore the letters is contrary to the plain language of section 3661.

The government contends that the district court was correct in concluding that it must ignore the contents of the letters pursuant to U.S.S.G. § 5H1.6. We disagree. Section 5H1.6 states in pertinent part "family ties and responsibilities and community ties are not ordinarily relevant in determining whether a sentence should be *outside* the guidelines." (emphasis added). By its plain language, section 5H1.6 is limited to *departures* from the appropriate Sentencing Guideline range. Moreover, U.S.S.G. § 1B1.4 states that "[i]n determining the sentence to impose within the guidelines range, or whether a departure from the guidelines is warranted, the court may consider, without limitation, any information concerning the background, character and conduct of the defendant unless otherwise prohibited by law." (citing 18 U.S.C. § 3661). This language suggests that the sentencing court has the same discretion it had under Section 3661 and its predecessor, Section 3551. *See United States v. Roberts*, 881 F.2d 95, 106 (4th Cir.1989); *United States v. Guerrero*, 894 F.2d 261, 270 (7th Cir.1990).

At the sentencing hearing, Duarte's counsel requested the judge to consider the letters in choosing the appropriate sentence within the applicable Sentencing Guideline range and in considering whether a downward departure was justified by mitigating factors. Defense counsel argued as follows: "Under [section 3553(a)] you're supposed to consider the nature and circumstances of the offense and history and

characteristics of the defendant.... The other reason for supporting letters and supporting evidence given at sentencing is so the court can consider departures."

The district court erred in concluding that it had no choice but to ignore the letters for purposes of determining the appropriate sentence within the applicable Sentencing Guideline range. Sentencing Guideline § 5H1.6 does not apply to an adjustment within a given Sentencing Guideline range. Section 3553 expressly requires the sentencing judge to consider the history and characteristics of the defendant. Section 3661 clearly states that there is no limitation upon the information that may be considered in fixing an appropriate punishment.

## IV

 Before we can vacate Duarte's sentence because the sentencing judge incorrectly concluded that he could not consider the contents of the letters for purposes of an adjustment, we must determine whether the error prejudiced Duarte. "Any error, defect, irregularity or variance which does not affect substantial rights shall be disregarded." Fed.R.Crim.P. 52(a) (West 1976 & Supp.); *see also United States v. Browne*, 829 F.2d 760, 766 (9th Cir.1987) (reversal is not warranted if the prejudice resulting from the error was more probably than not harmless).

We cannot determine from this record whether the district judge's conclusion that he must ignore the information contained in the letters was more probably than not harmless error. The presentence report contained bare statistical information concerning Duarte's birthplace, marital history, and children. The letters that the trial judge concluded he must ignore described Duarte's good character, his devotion to church and family, his contributions to the community, and his family's need for financial support. We cannot say from this record whether the positive factors identified in the letters concerning Duarte's history and character would have resulted in a more lenient sentence within the Sentencing Guideline range. The district court's

refusal to consider the contents of the letters for purposes of adjusting Duarte's offense level within the applicable Sentencing Guideline range compels us to remand for resentencing.

## V

We need not address Duarte's due process argument because of our conclusion that the district court erred in its interpretation of the applicable law and the requirements of the Sentencing Guidelines. Generally, "dispositive issues of statutory and local law are to be treated before reaching constitutional issues...." *Wolston v. Reader's Digest Ass'n, Inc. v. NLRB*, 443 U.S. 157, 161 n. 2, 99 S.Ct. 2701, 2704 n. 2, 61 L.Ed.2d 450 (1979); *see also Hospital & Serv. Employees Union v. NLRB*, 743 F.2d 1417, 1427 (9th Cir.1984) (declining to examine the first amendment issue until resolution of the statutory issue because "constitutional issues should be addressed only when strictly necessary.")

VACATED and REMANDED.