961 F.2d 217
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Donneal ROBERTSON, Defendant-Appellant.
 No. 90-10087.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 15, 1992.*
Decided April 24, 1992.
 
 Before HUG, TANG and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Donneal Robertson appeals his sentence under the Sentencing Guidelines imposed after he pled guilty to conspiracy, wire fraud, mail fraud, and aiding and abetting, in violation of 18 U.S.C. §§ 2, 371, 1343, 1341. The district court found that Robertson and his codefendant created a fictitious company in whose name they ordered computer equipment which they subsequently sold. Defense counsel has submitted a brief pursuant to Anders v. California, 386 U.S. 738 (1967). The government did not respond.
 
 
 3
 Robertson and his codefendant created the Vern George Company as an allegedly legitimate company to buy computers and computer parts. Ultimately, they purchased $20,493.24 worth of merchandise from eleven companies. They accomplished this by creating fictitious documents showing both a false credit report and a false DUNN AND BRADSTREET rating. They established the false credit rating by creating fictitious bookkeeping companies, Edwards Bookkeeping and Capitol Booking. Robertson, posing as a credit manager, would refer the potential sellers to one of the bookkeeping companies, and then give a good credit rating to Vern George. After the equipment was received, Robertson and his codefendant would sell the equipment to others.
 
 
 4
 Robertson pled guilty and the district court sentenced him to 21 months incarceration with three years supervised release. He has served his sentence and was released on September 21, 1991.
 
 
 5
 Because the total offense level was twelve, the guideline range was computed to be 15-21 months. In the Anders brief, defense counsel does not challenge the offense level. Robertson was granted a two-point reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(a). The district court found that he was not entitled to a two-point reduction for being a minor participant. See 3B1.2(b). A two-point increase was imposed under § 2F1.1(2)(B) because more than one victim was involved. Because of a drunk driving conviction, failure to pay alimony, and because he was on probation, Robertson was given a criminal history of 7 points. Finally, because the district court found that Robertson had not been charged for similar attempts to defraud other computer companies, he was sentenced to 21 months, at the high end of his guideline range.
 
 
 6
 In the Anders brief, counsel sets forth four possible issues we should consider on appeal. First, he argues that alleged uncharged conduct should not have been considered by the district court when sentencing Robertson.[1] This contention has no merit. U.S.S.G. § 1B1.4 allows conduct that is not an element of the offense and not formally charged to be entered into the sentencing determination within the guideline range. See United States v. Duarte, 901 F.2d 1498, 1501 (9th Cir.1990) (court should consider all relevant background information when determining sentence within appropriate range). While Duarte concerned positive information, negative factors are covered by § 1B1.4 as well.
 
 
 7
 Secondly, Robertson argues that he should have been afforded a two-point reduction in his offense level because he was a minor participant. Because a defendant's status as a participant in a crime is a factual question, this court reviews the district court's findings under the clearly erroneous standard. United States v. Andrus, 925 F.2d 335, 337 (9th Cir.), cert. denied, 112 S.Ct. 249 (1991). The district court determined that although Robertson's codefendant drafted the fraudulent documents, his participation as the phony credit manager rendered him far from a minor participant. Robertson has not met his heavy burden of proof. Consequently, this argument also lacks merit. See United States v. Howard, 894 F.2d 1085, 1089 (9th Cir.1990).
 
 
 8
 Robertson argues that because his fraudulent acts against the computer companies were from one design or plan, he should not have been given a two-point increase for defrauding more than one victim pursuant to § 2F1.1(2)(B). This is incorrect. There were eleven separate companies involved. The two-point increase was appropriate.
 
 
 9
 Lastly, Robertson argues that the sentence imposed was an incorrect application of the guidelines. Twenty-one months with three years supervised release was within the sentencing range. There was no error.
 
 
 10
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Defense counsel admits that there were possible state charges stemming from these separate but similar attempts to defraud