### UNITED STATES of America, Plaintiff–Appellee,

v.

### Julio GOMEZ–PADILLA, Defendant–Appellant.

### No. 91–50683.

United States Court of Appeals, Ninth Circuit.

Submitted July 29, 1992 *.

Aug. 5, 1992.

Bruce R. Castetter and John P. Pierce, Asst. U.S. Attys., San Diego, Cal., for plaintiff-appellee.

Stephen E. Hoffman, Frank & Milchen, San Diego, Cal., for defendant-appellant.

Before: TANG, BEEZER, and KOZINSKI, Circuit Judges.

* The panel unanimously finds this case suitable for decision without oral argument. Fed.

R.App.P. 34(a); 9th Cir.R. 34–4.

PER CURIAM:

Julio Gomez–Padilla (Gomez) appeals from his sentence, imposed following a jury trial, for conspiracy to possess with intent to distribute and possession with intent to distribute marijuana in violation of 21 U.S.C. §§ 841(a)(1) and 846. Gomez was resentenced upon remand from this court, and he contends that the district court erred by failing to exercise its discretion to consider his exemplary behavior in prison as a basis for reducing his sentence. We have jurisdiction under 28 U.S.C. § 1291 and we affirm.

The district court originally sentenced Gomez to 136 months incarceration. We affirmed Gomez's conviction but vacated his sentence and remanded for resentencing because the district court had improperly relied on inaccurate information that Gomez had received $3,000 for his role in the offense. The district court resentenced Gomez to 136 months incarceration for reasons other than the alleged payment. It refused to consider Gomez's good behavior in prison during the intervening two years on grounds that the applicable version of Fed.R.Crim.P. 35 (1987) barred such consideration.

■ Gomez argues that the district court erred by failing to exercise its discretion to take into account his exemplary prison conduct to reduce his sentence from the middle of the applicable United States Sentencing Guidelines range. While lawful sentences under the Guidelines are not appealable, sentences unlawfully imposed, including those in which the district court failed to exercise discretion, are appealable. *United States v. Cook*, 938 F.2d 149, 152 (9th Cir. 1991); *United States v. Cervantes–Valenzuela*, 931 F.2d 27, 28–29 (9th Cir.1991). We review *de novo* the district court's conclusion that it lacked discretion under the

Sentencing Guidelines. *United States v. Duarte*, 901 F.2d 1498, 1500 (9th Cir.1990).

■ A district court has discretion to impose a sentence at any point within the applicable Guidelines range. *Cervantes–Valenzuela*, 931 F.2d at 28. In so doing, it must consider a variety of individualized factors set out in 18 U.S.C. § 3553,[1] and "may consider, without limitation, any information concerning the background, character, and conduct of the defendant...." U.S.S.G. § 1B1.4; *see also* 18 U.S.C. § 3661.[2] We have interpreted the language of sections 3553 and 3661 and U.S.S.G. § 1B1.4 to require remand if a district court failed to exercise its discretion to consider a relevant factor at sentencing. *See Cook*, 938 F.2d at 152; *Cervantes–Valenzuela*, 931 F.2d at 28–29; *Duarte*, 901 F.2d at 1500–01. We have not construed these statutes to extend judicial discretion to include weighing of post-sentencing conduct at resentencing.

Following the effective date of the Sentencing Reform Act of 1984, absent a government motion for a reduction based on the defendant's substantial subsequent assistance, a district court's authority to modify a sentence has been narrowed to cover only cases remanded for correction by a court of appeals. *See* Fed.R.Crim.P. 35 (1987);[3] *accord United States v. Apple*, 962 F.2d 335, 336–38 (4th Cir.1992) (upon resentencing, district court properly found itself constrained to disregard evidence of defendant's rehabilitative conduct as irrelevant to those elements of original sentence deemed incorrect by the court of appeals).

Here, the district court resentenced Gomez to 136 months, near the midpoint within an applicable Guidelines range of 121–151 months. It offered reasons for the sentence independent of the erroneous information that Gomez received $3,000 for

---

1. These factors include "the nature and circumstances of the offense and the history and characteristics of the defendant." 18 U.S.C. § 3553(a)(1). Gomez contends that exemplary adjustment to prison is a "characteristic of the defendant" for purposes of resentencing.

2. "No limitation shall be placed on the information concerning the background, character, and

conduct of a person convicted of an offense which a court ... may receive and consider for the purpose of imposing an appropriate sentence." 18 U.S.C. § 3661.

3. Fed.R.Crim.P. 35 was amended again effective Dec. 1, 1991. These changes are irrelevant to Gomez's case.

his part in the conspiracy.[4] The district court correctly concluded that, in light of Rule 35 and the limited nature of the remand, it had no discretion to reduce Gomez's sentence due to his exemplary prison conduct. *See* Fed.R.Crim.P. 35(a); *accord Apple*, 962 F.2d 335, 336–38. *Cook, Duarte* and sections 3553 and 3661 cannot be construed to extend to consideration of post-sentencing conduct at resentencing, as Gomez urges, without circumventing the express limitations of revised Fed. R.Crim.P. 35. Gomez's sentence is valid.

AFFIRMED.

---

**4.** These reasons included Gomez's rental of a van to transport marijuana and his role as a liaison between leaders of the conspiracy and mere offloaders of the marijuana. The district court distinguished Gomez's sentence from those of his co-conspirators who received between 120 and 211 months incarceration.