996 F.2d 1228
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
I.R.C., Defendant-Appellant.
 No. 92-50673.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 8, 1993.*
Decided June 17, 1993.
 
 MEMORANDUM**
 Before: CANBY, FERNANDEZ, and T.G. NELSON, Circuit Judges.
 
 
 1
 I.R.C., a juvenile, appeals his 24-month term of official detention imposed following his admission of juvenile delinquency in violation of 18 U.S.C. § 5032, in that he transported illegal aliens in violation of 8 U.S.C. § 1324. I.R.C. was resentenced following a limited remand from this court,[1] and contends that the district court erred by not considering the rehabilitative effect of incarceration before resentencing him. We have jurisdiction under 28 U.S.C. § 1291 and affirm.[2]
 
 
 2
 On remand for resentencing, the district court is without discretion to reduce a defendant's sentence due to exemplary prison conduct. Fed.R.Crim.P. 35(a); United States v. Gomez-Padilla, 972 F.2d 284, 286 (9th Cir.1992). Here, the district court originally sentenced I.R.C. to 24 months of official detention. Upon resentencing, I.R.C. argued that his exemplary conduct while in custody suggested that he had been rehabilitated, and he requested a sentence of time served. Unpersuaded, the district court resentenced I.R.C. to 24 months of official detention.
 
 
 3
 Because a district court is without discretion to reduce a defendant's sentence due to exemplary prison conduct on remand for resentencing, the district court properly did not consider the rehabilitative effect of detention before resentencing I.R.C. See Fed.R.Crim.P. 35(a); Gomez-Padilla, 972 F.2d at 286.
 
 
 4
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, I.R.C.'s request for oral argument is denied
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The district court originally sentenced I.R.C. to 24 months of official detention, and we remanded for resentencing in light of United States v. R.L.C., 112 S.Ct. 1329 (1992), which held that a juvenile's maximum term of commitment to official detention was the sentence a similarly situated adult would have received under the Sentencing Guidelines. At resentencing, the district court determined that the total adjusted offense level under the Guidelines for I.R.C.'s underlying offense was 11 and circumstances existed to warrant two 2-level departures, resulting in an analogous offense level of 15 with a sentencing range of 18-24 months. On appeal, I.R.C. has not contested the upward departure in the district court's determination of the maximum possible term of official detention
 
 
 [2]
 Our jurisdiction over this appeal is questionable. I.R.C.'s sentence did fall within statutory limits, see 18 U.S.C. § 5037(c)(2), yet it did not fall within the Guidelines range for I.R.C.'s underlying offense absent the upward departure. If I.R.C. had been sentenced under the Guidelines, we would have no jurisdiction to consider the appeal. See United States v. Belden, 957 F.2d 671, 676 (9th Cir.), (district court's discretionary refusal to depart downward from the Guidelines is not reviewable on appeal), cert. denied, 113 S.Ct. 234 (1992). In R.L.C., however, the Supreme Court emphasized that the requirement that the district court determine the appropriate Guidelines range in juvenile cases was only to set the maximum possible sentence and not to result in "plenary application of the Guidelines to juvenile delinquents." R.L.C., 112 S.Ct. at 1339
 Nonetheless, because the merits of the appeal are clear, we assume jurisdiction. See Federal Ins. Co. v. Scarsella Bros., 931 F.2d 599, 602 (9th Cir.1991).