17 F.3d 397
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 UNITED STATES of America, Plaintiff/Appellee,
v.
Gerald C. STRACHAN, Defendant/Appellant.
 No. 93-30004.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Nov. 4, 1993.
Decided Feb. 1, 1994.
 
 1
 Before: CANBY and NOONAN, Circuit Judges, and ORRICK,* Senior District Judge
 
 
 2
 MEMORANDUM**
 
 
 3
 Appellant, Gerald C. Strachan, who was convicted in this criminal case for, among other things, distribution of cocaine and was sentenced in part to pay a cost-of-incarceration fine, challenges the imposition of the fine. Strachan contends that the fine is invalid and unconstitutional and that the district court abused its discretion by not considering whether he had the ability to pay the fine.
 
 
 4
 Appellant is correct that the district court must consider whether he has the ability to pay this fine and, therefore, we vacate the sentence of the fine and remand for resentencing on the fine only.[1]
 
 
 5
 Appellant was convicted for distributing one-half kilogram of cocaine, a controlled substance, and was sentenced to a term of sixty-five months of imprisonment, plus twenty-five months for failure to appear (bail jumping), plus a total fine of $228,400.00, consisting of: (1) a fine of $50,000.00 on the distribution charge; (2) a fine of $158,400.00 based on the estimated cost of incarceration; and (3) a fine of $20,000.00 on the bail jumping case.
 
 
 6
 On appeal a panel of this Court affirmed in part, reversed in part, and vacated and remanded for resentencing, by unpublished memorandum filed April 3, 1992. The court held:
 
 
 7
 We affirm the unchallenged conviction for distribution of a controlled substance and reverse Strachan's conviction for failure to appear. We vacate the sentences for distribution and failure to appear and remand for resentencing on the distribution charge.
 
 
 8
 See E.R. 27-28, 33.[2] In vacating the sentence and remanding for resentencing, the panel directed the district court to begin anew.[3]
 
 
 9
 This the district court did not do. On remand it sentenced Appellant for a term of sixty-five months of imprisonment for distribution of the cocaine and imposed a total fine of $146,980.00 consisting of the sum of a fine of $50,000.00 on the cocaine distribution charge and $96,980.00 for the estimated cost of incarceration.
 
 
 10
 The sentencing judge failed to consider Appellant's ability to pay, as he is required to do under United States v. Smith, 944 F.2d 618 (9th Cir.1991). He not only did not make any findings or explanation to justify his imposition of a fine, but he instead adopted and incorporated by reference the reasoning reflected in the government's resentencing memorandum, which did not even address the issue of Appellant's ability to pay.[4]
 
 
 11
 Once the sentence was vacated by the prior panel, the district court was bound to begin anew. Accordingly, the government's contention in its resentencing memorandum that the district court lacked authority to hear any challenges to the imposition of a fine was erroneous. Because the district court adopted the government's memorandum, it obviously believed that it had no authority to entertain any challenge to the fines, including a challenge based on inability to pay. Thus, the district court could not have considered Appellant's professed inability to pay. In any event, we cannot determine that the district court's adoption of the government's position that the court lacked authority to consider any challenge to the fines did not affect Appellant's sentence, so we must remand. See Williams v. United States, 112 S.Ct. 1112, 1120-21 (1992) (where the sentencing court makes an error and the reviewing court cannot determine that it did not affect the sentence, it must remand).
 
 
 12
 VACATED and REMANDED for resentencing on the fine.
 
 
 
 *
 Honorable William H. Orrick, Senior United States District Judge for the Northern District of California, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Thus, we need not now reach the question of the constitutional or statutory validity of a cost-of-incarceration fine because the district court might not wish to impose a fine, or might determine that Appellant does not have the ability to pay the fine and, thus, not impose a fine. See United States v. Carrozza, 4 F.3d 70, 84 (1st Cir.1993) (court declined to hear constitutional challenge to cost-of-incarceration fine because fine had been vacated and remanded)
 
 
 [2]
 The court reversed Appellant's bail jumping conviction because no evidence of willfulness appeared in the record, and vacated and remanded the sentence for distribution because the district court erroneously believed that a higher statutory maximum applied
 
 
 [3]
 The effect of the remand wiped the slate clean and the district court was required to sentence from scratch on a tabula rasa. "The defendant is accorded the same procedural rights when resentencing as on initial sentencing." United States v. Smith, 930 F.2d 1450, 1456 (10th Cir.1991), cert. denied, 112 S.Ct. 225 (1991). The government has relied on a case from this Court, United States v. Gomez-Padilla, 972 F.2d 284 (9th Cir.1992) (per curiam ), in arguing that the district court lacked authority to consider new challenges, or reconsider old challenges, to the fine. Gomez-Padilla, however, is inapposite. Gomez-Padilla stands for two propositions: first, under Rule 35 of the Federal Rules of Criminal Procedure, a district court may not consider conduct that occurred after the original sentencing; second, a district court is compelled to resentence in accordance with the mandate of the appellate court. Here, the district court was neither asked to consider conduct occurring after the original sentencing, nor was it faced with a limited mandate from the remanding court
 
 
 [4]
 Instead, the government's memorandum argued that the district court lacked authority to consider any challenge to the imposition of a fine