66 F.3d 336
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
John M. HARAGUCHI, Defendant-Appellant.
 No. 95-15251.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 5, 1995.*
Decided Sept. 8, 1995.
 
 Before: GOODWIN, WIGGINS, and O'SCANNLAIN, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 John Mitsuo Haraguchi, a federal prisoner, appeals pro se the district court's denial of his 28 U.S.C. Sec. 2255 motion to vacate, set aside or correct his sentence. Haraguchi contends that the district court erred (1) by denying his claim that he received ineffective assistance of counsel, (2) by considering his criminal history twice, once at sentencing and again when ruling on the government's Rule 35 motion, and (3) by failing to grant the sentence reduction recommended by the government's Fed.R.Crim.P. 35(b) motion. We have jurisdiction under 28 U.S.C. Sec. 2255, and we affirm.
 
 
 3
 We review de novo the denial of a Sec. 2255 motion. United States v. Sanchez, 50 F.3d 1448, 1451-52 (9th Cir.1995). We review for clear error the district court's findings of fact. Id. at 1452. Whether a defendant received ineffective assistance of counsel is a legal question also reviewed de novo. Id. at 1456. In order to prevail, a defendant must show that (1) his counsel's performance was "outside the wide range of professionally competent assistance," and (2) that the defendant was prejudiced by reason of counsel's actions. Strickland v. Washington, 466 U.S. 668, 687-90 (1984).
 
 
 4
 Haraguchi contends that counsel was ineffective because she failed to submit evidence of his post-sentence rehabilitative efforts, and of the "nature or characteristics" of his criminal history in support of the government's Rule 35(b) motion. These contentions lack merit.
 
 
 5
 The district court may not consider evidence of post-sentencing conduct when exercising its discretion to grant a sentence reduction under Rule 35(b). See United States v. Gomez-Padilla, 972 F.2d 284, 286 (9th Cir.1992). Thus, district court found that evidence of Haraguchi's post-sentence rehabilitative efforts was irrelevant to its decision regarding the Rule 35(b) motion. The district court's finding was not clearly erroneous. See Sanchez, 50 F.3d at 1452. Accordingly, Haraguchi was not prejudiced by reason of his attorney's decision not to submit evidence of post-rehabilitative conduct. See Strickland, 466 U.S. at 687-90.
 
 
 6
 The district court also properly concluded that Haraguchi's criminal history was not a factor that required any further evidence or argument, and that information relating to his criminal history would not have affected the outcome of the case. Consequently, Haraguchi was not prejudiced by his attorney's decision not to present further evidence regarding his criminal history. See id.
 
 
 7
 Finally, to the extent that Haraguchi argues that the district court erred by considering his criminal history in granting the Rule 35(b) motion, we will not consider this issue on appeal because Haraguchi did not raise it at the district court level. See United States v. Johnson, 988 F.2d 941, 945 (9th Cir.1993). Insofar as Haraguchi seeks to review the extent of the district court's sentence reduction, the district court considered the substantial assistance provided by Haraguchi and properly exercised its discretion in granting a reduced sentence of 96 months. Cf. United States v. Vizcarra-Angulo, 904 F.2d 22, (9th Cir.1990) (defendant may not appeal the district court's discretion in fixing the extent of a downward departure).
 
 
 8
 Accordingly, the district court properly denied Haraguchi's Sec. 2255 motion to vacate, set aside or correct his sentence. See Sanchez, 50 F.3d at 1451-52.
 
 
 9
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3