UNITED STATES of America,
Plaintiff–Appellee,

v.

Stephen Donald JONES, Defendant–
Appellant.

No. 96–30291.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted May 7, 1997.

Decided June 5, 1997.

Bryan E. Lessley, Assistant Federal Public Defender, Eugene, OR, for defendant–appellant.

Sean B. Hoar, Assistant United States Attorney, Eugene, OR, for plaintiff–appellee.

Before: BOOCHEVER, BRUNETTI and KOZINSKI, Circuit Judges.

KOZINSKI, Circuit Judge.

Appellant pled guilty to knowingly manufacturing, and conspiring to manufacture and distribute, marijuana; he was sentenced to 5 years in prison and ordered to pay a $1,000 fine. Claiming he had not been given enough time to read the presentence report before sentencing, and therefore had not been able to present accurate financial information, he moved for resentencing pursuant to 28 U.S.C. § 2255.

The district court granted his petition, ordering

> the clerk [to] set a hearing date for resentencing. . . . Petitioner shall have the opportunity to present evidence contradicting the alleged financial inaccuracies in the presentence report, and shall be resentence based on the court's consideration of such evidence.

Order, March 20, 1996, at 3. The Order concluded: "The only issue to be decided at the resentencing hearing is the propriety of the $1,000.00 fine." *Id.* at 3–4.

Jones now contends the district court erred in refusing to resentence him according to the Guidelines in effect at the time of the resentencing hearing—a refusal that may have cost him several years in prison. He argues that, because his initial sentence was procedurally improper, the district court was required to vacate the sentence and resentence de novo, thereby permitting reconsideration of every element of the sentence.

■ Jones is mistaken. 28 U.S.C. § 2255 provides:

> If the court finds that the judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law or otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack, the court shall vacate and set the judgment aside and shall discharge the prisoner *or resentence him or grant a new trial or correct the sentence as may appear appropriate.*

28 U.S.C. § 2255, ¶ 3 (emphasis added). Thus, the statute gives district judges wide berth in choosing the proper scope of post–2255 proceedings. While Judge Hogan was permitted to consider all aspects of the sentence, he was not required to do so.[1]

At resentencing, the judge re-imposed the $1,000 fine; he did so after considering information regarding events that post-dated imposition of the original fine. (Specifically, Jones improved his financial situation, post-sentencing, by paying down a mortgage.) Jones now argues that the court should not have considered this information. He argues that, under the law of this circuit, courts at resentencing are precluded from considering post-sentencing conduct. He relies on *United States v. Klump*, 57 F.3d 801, 803 (9th Cir.), *United States v. Caterino*, 29 F.3d 1390, 1394 (9th Cir.1994), and *United States v. Gomez–Padilla*, 972 F.2d 284, 286 (9th Cir.1992). *Gomez–Padilla*, however, deals only with the situation in which a sentence "is determined on appeal under 18 U.S.C. [§ ] 3742 to have been imposed in violation of law...." Fed.R.Crim.P. 35(a). *Caterino* merely cites *Gomez–Padilla*, in a passage that is obviously dicta. *See* 29 F.3d at 1394 ("In the case at bar, post-sentencing conduct is not at issue."). *Klump* relies entirely on *Caterino;* moreover, it mocks the supposed "rule" by holding that it is proper for a district judge to consider a state-court penalty imposed between sentencing and resentencing, because a "post-sentencing sentence" is not "post-sentencing conduct." 57 F.3d at 803. In any event, *Gomez–Padilla*, *Caterino*, and *Klump* concern resentencing after remand from the court of appeals. The *Gomez–Padilla* rule, right or wrong,[2] has nothing to say about resentencing pursuant to section 2255—that is to say, resentencing without an intervening remand.

■ In the absence of caselaw to the contrary, we must give effect to the intent of Congress and the Sentencing Commission. The Guidelines—which make *no* special provision for resentencing—require that, in imposing a fine, the court consider "any evidence presented as to the defendant's ability to pay the fine." U.S.S.G. § 5E1.2(d)(2). Indeed, courts should consider "any ... pertinent equitable considerations." *Id.* § 5E1.2(d)(7). This common-sense prescription that fines be tailored to

---

1. In his order denying release pending resentencing in this case, Judge Hogan framed this issue as whether Jones was correct that "the court is without authority to limit the issues at resentencing." Order, May 24, 1996, at 2. He concluded he had such authority. *Id.* Despite the dissent's contrary conclusion, it seems clear that Judge Hogan knew he could consider more than the fine.

2. Quite possibly wrong. *See, e.g., North Carolina v. Pearce*, 395 U.S. 711, 726, 89 S.Ct. 2072, 2081, 23 L.Ed.2d 656 (1969):

> [W]henever a judge imposes a more severe sentence upon a defendant after a new trial, the reasons for his doing so must affirmatively appear. Those reasons must be based upon objective information concerning identifiable conduct on the part of the defendant occurring after the time of the original sentencing proceeding.

There is no reason to think the Guidelines changed this. *See, e.g., Koon v. United States*, —— U.S. ——, ——, 116 S.Ct. 2035, 2046, 135 L.Ed.2d 392 (1996) ("[D]istrict courts retain much of their traditional sentencing discretion.").

financial circumstances can only mean financial circumstances at the time the fine is set. *See also* 18 U.S.C. § 3661 ("No limitation shall be placed on the information concerning the background, character, and conduct of a person convicted of an offense which a court of the United States may receive and consider for the purpose of imposing an appropriate sentence."); U.S.S.G. § 1B1.4 (under the Guidelines, a sentencing judge "may consider, without limitation, any information concerning the background, character and conduct of the defendant, unless otherwise prohibited by law"); *Nichols v. United States,* 511 U.S. 738, 747, 114 S.Ct. 1921, 1927–28, 128 L.Ed.2d 745 (1994)("As a general proposition, a sentencing judge 'may appropriately conduct an inquiry broad in scope, largely unlimited either as to the kind of information he may consider, or the source from which it may come.' " (quoting *United States v. Tucker,* 404 U.S. 443, 446, 92 S.Ct. 589, 591, 30 L.Ed.2d 592 (1972))). The court followed the Guidelines and statutory commands by considering the best available information in re-setting Jones' fine.

AFFIRMED.

BOOCHEVER, Circuit Judge, Dissenting.

I agree with the majority that, after granting the § 2255 motion, the trial judge was "permitted to consider all aspects of the sentence." I also agree that he was not required to do so. Thus, he had the discretion whether to resentence Jones in accordance with the guidelines in effect at the time of the resentencing hearing, including the safety valve provision of 18 U.S.C. § 3553(f), which allowed the court to disregard the five-year statutory minimum for Jones's offense. Under the guidelines in effect at the time of the resentencing hearing, Jones's sentence would have been 24–30 months instead of the 60 months to which he was sentenced—a difference of 2 1/2 to 3 years of imprisonment!

I do not believe, however, that the trial judge understood that he had the discretion to resentence Jones in accordance with the current guidelines.

In the order denying defendant's motion for release pending resentencing, entered after the court had granted the § 2255 motion, the district court seemed to indicate that because the sentence had not been remanded after being vacated on appeal, it had no authority to consider imposing a new term of incarceration.

The court stated:

The cases cited by defendant are inapposite. In *United States v. Medrano,* 5 F.3d 1214 (9th Cir.1993), *United States v. Sustaita,* 1 F.3d 950 (9th Cir.1993), and *United ed States v. Fagan,* 996 F.2d 1009 (9th Cir.1993), the remands for resentencing were ordered after direct appeals involving the length of the sentences. Accordingly, upon remand, information about the length of the sentences was heard and the length of the sentences reconsidered. In this case, however, the only pertinent issue is the propriety of a $1000 fine.... The length of defendant's term of incarceration is not at issue."

[ER 68, 69]

To me this indicates that the district court did not believe it had discretion to consider all aspects of the sentence. Even if that is not a correct inference, however, it is at best uncertain whether the court knew that it had such discretion in a case not involving "remands for resentencing ... after direct appeals involving the length of the sentences."

I would remand to the district court, respectfully requesting it to expedite the exercise of its discretion whether "to consider all aspects of the sentence" of this first-time offender.