**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 11-10384 |
| Plaintiff - Appellee, | D.C. No. 2:06-cr-00186-PMP-PAL-2 |
| v. | |
| FREDERICK JOHN RIZZOLO, AKA Rick Rizzolo, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Nevada
Philip M. Pro, District Judge, Presiding

Argued and Submitted March 19, 2012
Las Vegas, Nevada

Before: CLIFTON, BYBEE, and N.R. SMITH, Circuit Judges.

Frederick Rizzolo appeals the final judgment in his criminal case for

violation of the terms and conditions of his probation. The court revoked his

supervised release and imposed a sentence of nine months' incarceration followed

---

[*]        This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

by twenty-four months of supervised release. We have jurisdiction under 18 U.S.C. § 3742(a) and 28 U.S.C. § 1291. We affirm.

1. The district court's decision to allow a statement from the Henrys' lawyer on their behalf was not an abuse of discretion, even though the Henrys did not qualify as a statutorily-recognized "victim" under 18 U.S.C. § 3771 (the Crime Victims' Rights Act, "CVRA").

At sentencing, the district court has a wide range of discretion in admitting whatever evidence it deems relevant. *See Nichols v. United States*, 511 U.S. 738, 747 (1994). Indeed, "under the Guidelines, a sentencing judge 'may consider, without limitation, any information concerning the background, character and conduct of the defendant, unless otherwise *prohibited* by law.'" *United States v. Jones*, 114 F.3d 896, 898 (9th Cir. 1997) (emphasis added) (quoting U.S.S.G. § 1B1.4).

None of the authorities relied upon by Rizzolo prohibited the Henrys' lawyer from making a statement. The CVRA, 18 U.S.C. § 3771, and Rule 32(i) of the Federal Rules of Criminal Procedure merely mandate situations where the district court must allow individuals to be heard. However, these provisions say nothing about prohibiting individuals from being heard. Therefore, while Rizzolo is correct that the district court was not *required* to allow the Henrys' lawyer to speak

on their behalf as victims under the CVRA, Rizzolo is incorrect when he argues that the district court still had no *discretion* to allow the lawyer to be heard.

The district court carefully explained its reasons for allowing the Henrys' lawyer to make a statement. Because those reasons were not implausible or illogical, the district court did not abuse its discretion. *See United States v. Hinkson*, 585 F.3d 1247, 1263 (9th Cir. 2009) (en banc).

2. Even if the district court did abuse its discretion, Rizzolo suffered no prejudice from this error. Rizzolo does not challenge the district court's findings that he committed the alleged acts violating the terms and conditions of his probation. Rizzolo also does not claim that these facts were insufficient to support the district court's revocation decision under the "preponderance" standard. *See* 18 U.S.C. § 3583(e). In addition, the record does not indicate that the district court judge relied on the plaintiffs' counsel's statements in making its sentencing

determination.  Accordingly, any error Rizzolo suffered regarding this statement was not prejudicial.[1]

**AFFIRMED.**

---

[1] Under Federal Rule of Appellate Procedure 28(j), Rizzolo filed a letter arguing that, in *United States v. Grant*, 664 F.3d 276, 282 (9th Cir. 2011), we applied the rule from *Tapia v. United States*, __ U.S. __, 131 S. Ct. 2382 (2011) to prohibit the district court from considering retribution as a purpose for imprisoning someone for violating conditions of supervised release.  Rule 28(j) letters may include additional authorities discovered after the filing of the brief.  Fed. R. App. P. 28(j).  However, a Rule 28(j) letter "*cannot* raise a new issue" that was not addressed in the briefs.  *United States v. LaPierre,* 998 F.2d 1460, 1466 n.5 (9th Cir. 1993).  Thus, the issue Rizzolo raised is not properly before us, because it contained additional argument never discussed in either his opening or reply brief.