**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Javier CERVANTES–VALENZUELA,
Defendant–Appellant.**

**No. 90–50342.**

United States Court of Appeals,
Ninth Circuit.

Submitted Feb. 8, 1991 *.

Decided April 18, 1991.

* The panel finds this case appropriate for submission without oral argument pursuant to Ninth Circuit Rule 34–4 and Fed.R.App.P. 34(a).

Steven F. Hubachek, Federal Defenders of San Diego, Inc., San Diego, Cal., for defendant-appellant.

Linda Frakes, Asst. U.S. Atty., San Diego, Cal., for plaintiff-appellee.

Before BOOCHEVER, HALL and RYMER, Circuit Judges.

PER CURIAM:

Cervantes appeals the district court's imposition of sentence following his conviction on a guilty plea of being a deported alien found in the United States in violation of 18 U.S.C. § 3231. He was sentenced at the upper end of the guideline range because of his criminal background. He argues that his sentence was imposed in violation of law because the district court failed to exercise its discretion as required by 18 U.S.C. § 3553(a). Specifically, he argues that the district court's citation of the defendant's criminal history as its reason for choosing the top of the applicable guideline range indicates that the district court failed to consider all the factors in 18 U.S.C. § 3553(a). Because we do not believe that the district court's statement indicates that it failed to exercise its discretion, we affirm.

## I

The presentence report calculated a base offense level of eight, reduced by two levels for acceptance of responsibility, resulting in a guideline range of 9 to 15 months. Cervantes's criminal history put him in Category V. The probation officer recommended an upward departure to 24 months in custody because of Cervantes's extensive criminal background. The district court declined to depart upward, but imposed a sentence of 15 months "because of the criminal background."

## II

■ While lawful sentences within the applicable guideline range are not appealable, *United States v. Pelayo–Bautista,* 907 F.2d 99 (9th Cir.1990), sentences that are unlawfully imposed are appealable, 18 U.S.C. § 3742(a)(1).[1] Cervantes argues that his sentence was imposed in violation of law because the district court failed to exercise its discretion in imposing sentence, contrary to § 3553(a) which requires the court to consider a variety of factors in determining the particular sentence to be imposed.[2]

■ We agree that district courts have discretion to sentence within the guideline range, that they must consider the individualized factors set out in § 3553 in exercising that discretion, and that they may receive and consider virtually any information concerning the background, character

1. Section 3742(a)(1) provides:
A defendant may file a notice of appeal in the district court for review of an otherwise final sentence if the sentence—
(1) was imposed in violation of law. . . .

2. 18 U.S.C. § 3553 provides:
The court, in determining the particular sentence to be imposed, shall consider—
(1) the nature and circumstances of the offense and the history and characteristics of the defendant;
(2) the need for the sentence imposed—
(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
(B) to afford adequate deterrence to criminal conduct;
(C) to protect the public from further crimes of the defendant; and
(D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
(3) the kinds of sentences available;
(4) the kinds of sentence and the sentencing range established for the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines . . . ;
(5) any pertinent policy statement issued by the Sentencing Commission . . . ;
(6) the need to avoid unwarranted sentence disparities . . . ; and
(7) the need to provide restitution. . . .

and conduct of a defendant. 18 U.S.C. § 3661 [3]; U.S.S.G. § 1B1.4 [4]; *cf. United States v. Duarte*, 901 F.2d 1498, 1500–01 (9th Cir.1990) (sentencing judge may consider letters about defendant's personal characteristics in selecting point within the range). Because it is a violation of law to fail to exercise discretion, we have jurisdiction to consider this appeal.

 On the merits, however, Cervantes has not shown that the district court did in fact fail to consider the factors enumerated in 18 U.S.C. § 3553(a). Cervantes argues that the court's statement indicates that it did not consider the other factors but instead chose the top of the range automatically because of his criminal background. He points out that his criminal background was already factored into the guidelines, so using that as the basis for the sentence indicates that the district court failed to exercise its discretion to distinguish him from other offenders.[5]

We disagree that the court's statement about criminal background indicates that it failed to exercise its discretion. No reasons need be stated for imposition of sentence at a particular point within the guideline range if the range is less than 24 months. 18 U.S.C. § 3553(c)(1); *United States v. Howard*, 894 F.2d 1085, 1092 (9th Cir.1990). We assume that the district court knows and applies the law correctly, *United States v. Garcia–Garcia*, 927 F.2d 489, 490–91 (1991), and therefore considers the factors in 18 U.S.C. § 3553(a). Simply because the court in this case chose to mention one particularly important factor does not mean that it failed to consider the

others or that the sentence was imposed in violation of law.

AFFIRMED.

---

3. 18 U.S.C. § 3661 states:

   No limitation shall be placed on the information concerning the background, character, and conduct of a person convicted of an offense which a court of the United States may receive and consider for the purpose of imposing an appropriate sentence.

4. U.S.S.G. § 1B1.4 states:

   In determining the sentence to impose within the guideline range, ... the court may consider, without limitation, any information concerning the background, character and conduct of the defendant, unless otherwise prohibited by law.

5. It is clear that the district court did not err in considering criminal background. 18 U.S.C. § 3553(a) specifically directs district courts to consider "the history and characteristics of the defendant" as one factor in sentencing.

* The panel finds this case appropriate for submission without oral argument pursuant to Ninth Circuit Rule 34–4 and Fed.R.App.P. 34(a).