962 F.2d 15
 5 Fed.Sent.R. 343
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America Plaintiff-Appellee,
v.
Ali Ar RASHEED, aka Ollie Larval Taylor Defendant-Appellant.
 No. 91-10515.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted April 13, 1992.*
Decided May 4, 1992.
 
 Appeal from the United States District Court for the Northern District of California, No. CR-91-0076-JVP; John P. Vukasin, District Judge, Presiding.
 N.D.Cal.
 AFFIRMED.
 CHAMBERS, SCHROEDER and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Ali Ar Rasheed appeals his sentence under the Sentencing Guidelines following his guilty plea to selling firearms to a known felon, in violation of 18 U.S.C. § 922(b)(1).
 
 
 3
 Rasheed argues that the trial court judge erred by sentencing him to the high end of the sentencing guideline range, and that the trial judge improperly relied on community standards. As evidence of this, defendant points to the judge's explanation for the sentence:
 
 
 4
 The statutory maximum in this case is ten years in custody. The guideline range is 27 to 33 months. The defendant was involved in a large scale sale of firearms to an individual who not only was a convicted felon but also had a history of involvement with narcotic distribution in East Oakland. Oakland, especially East Oakland, is experiencing an almost record number of homicides, a large portion of which are related to illegal drug distribution.
 
 
 5
 That portion of the community has been victimized to a large degree as a result of the type of activity which the defendant is guilty ...
 
 
 6
 Defendant contends that this speech proves the judge impermissibly took local community conditions into account in rendering his sentence. We disagree. While lawful sentences within the applicable guideline range are not appealable, sentences that are unlawfully imposed are. United States v. Cervantes-Venezuela, 931 F.2d 27, 28 (9th Cir.1991) (citations omitted). A sentencing court must not, of course, consider such factors as "race, sex, national origin, creed, religion and socioeconomic status of offenders," 28 U.S.C. § 994(d), but it may consider relevant factors such as the effect of the criminal's actions upon his victims or his community. The trial court's references to East Oakland do not indicate that he sentenced the defendant to the high end of the sentencing range because he came from a certain community but rather because that is where the harm of his crimes was felt.
 
 
 7
 Next defendant argues that he is entitled to a two point reduction for acceptance of responsibility. A finding on whether or not a defendant has accepted responsibility for his crime is reviewed for clear error. United States v. Gonzales, 897 F.2d 1018, 1019 (9th Cir.1990). Here, the judge was presented with conflicting information regarding whether Rasheed had ever informed his wife that their family was being threatened. However, that was not the only evidence the judge evaluated when determining whether Rasheed accepted responsibility. The judge also evaluated Rasheed's demeanor and the surrounding circumstances. We find that the denial of the two point reduction for acceptance of responsibility was not clearly erroneous.
 
 
 8
 Finally, Rasheed argues that he was denied effective assistance of counsel at his sentencing hearing. Prior to the hearing, Rasheed's attorney attempted to withdraw from the case citing an irreconcilable conflict. The judge did not grant the motion. The judge probed to determine the nature of that conflict, but no information was forthcoming. Neither does Rasheed's appellate brief further enlighten us as to the irreconcilable conflict. At this time the court has no evidence that would lead us to believe that the outcome of the sentencing hearing would have been different had Rasheed been appointed new counsel.
 
 
 9
 We affirm.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3