967 F.2d 592
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Michael Anthony CAMPBELL, Defendant-Appellant.
 No. 91-50707.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 25, 1992.*
Decided July 6, 1992.
 
 Before FLETCHER, LEAVY and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Michael Anthony Campbell appeals from his sentence, imposed following a guilty plea, for one count of bank robbery in violation of 18 U.S.C. § 2113(a). Campbell contends that the district court erred by relying on three unindicted bank robberies when choosing the point at which to sentence him within the applicable range under the United States Sentencing Guidelines. We have jurisdiction under 28 U.S.C. § 1291 and we affirm.
 
 
 3
 We review for clear error findings of fact underlying a sentence determination. United States v. Burns, 894 F.2d 334, 336 (9th Cir.1990).[1]
 
 
 4
 The district court may consider any information relevant to the sentencing decision "without regard to its admissibility under the rules of evidence applicable at trial, provided that the information has sufficient indicia of reliability to support its probable accuracy." U.S.S.G. § 6A1.3(a); see United States v. Cervantes-Valenzuela, 931 F.2d 27, 28-29 (9th Cir.1991). The district court may properly consider law enforcement investigative reports when making its factual determinations. See Burns, 894 F.2d at 336-37 (no error in using Secret Service investigative report at sentencing).
 
 
 5
 Here, Campbell was indicted for one bank robbery and was a suspect in three additional robberies. He entered into a plea agreement pursuant to which he agreed to plead guilty to the indictment and the government agreed not to indict him for the additional robberies. The government also agreed not to use the unindicted robberies when calculating the applicable Guidelines range, but specifically reserved the right to argue that the district court should consider the unindicted robberies when determining where to sentence Campbell within the applicable range. At sentencing, the district court determined that the applicable range was 33-41 months incarceration, and sentenced Campbell to 40 months, stating "I'm very much aware of these other bank robberies, even though unindicted, I can't just overlook that ..." (RT 9/30/91 at 9).
 
 
 6
 Campbell contends, first, that the prosecution offered no proof other than "unsubstantiated allegations" that he committed the unindicted robberies. The record shows, however, that the government submitted a sentencing memorandum to the district court and attached police reports relevant to all of the robberies as evidence to support its argument that Campbell should be sentenced at the high end of the Guidelines range. These reports established, among other things, that a bank teller identified Campbell from a photospread as the perpetrator of one of the unindicted robberies, and that bait money from another unindicted robbery had been discovered in Campbell's hotel room. Although Campbell continued to assert his innocence of the unindicted charges, he presented no evidence to refute the government's affidavits and documentary evidence. The district court did not err by relying on the information to determine that Campbell had committed robberies in addition to the one of which he was convicted. See Burns, 894 F.2d at 336-37.
 
 
 7
 Second, Campbell asserts that the district court's consideration of the unindicted robberies violated the "spirit" of the plea bargain. This argument lacks merit. The plea agreement expressly allowed the government to cite the unindicted robberies in support of its argument for a sentence at the upper end of the range, and that is exactly what it did. We find no violation.[2]
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The government contends that we lack jurisdiction over this appeal because Campbell was sentenced within the applicable Guidelines range. Although the district court may rely on any reliable information when sentencing within the applicable range, it may not consider unreliable information. See U.S.S.G. § 6A1.3(a) and comment. Therefore, Campbell's contention, if true, would establish an unlawful imposition of sentence, a claim over which we have jurisdiction. See 18 U.S.C. § 3742(a)(1); United States v. Cervantes-Valenzuela, 931 F.2d 27, 28 (9th Cir.1991)
 
 
 [2]
 Campbell's reliance on our prior decisions regarding counts dismissed pursuant to plea bargains is misplaced. United States v. Castro-Cervantes, 927 F.2d 1079 (9th Cir.1991), forbids use of dismissed counts to support a departure above the applicable Guidelines range. United States v. Fine, 946 F.2d 650 (9th Cir.1991), reh'g en banc granted, 1992 WL 95780 (9th Cir. May 6, 1992), forbids the use of dismissed counts to calculate the applicable Guidelines range. Neither these nor any other decision forbids the district court to rely on uncharged conduct when determining where to sentence a defendant within an applicable range