993 F.2d 886
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Maria SARABIA, Defendant-Appellant.
 No. 92-10572.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 27, 1993.*
Decided May 17, 1993.
 
 Before: BROWNING, KOZINSKI and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Maria Sarabia appeals her 14-month sentence imposed following entry of a guilty plea to a violation of 31 U.S.C. § 5324(3), structuring a financial transaction for the purpose of evading the reporting requirements of 31 U.S.C. § 5313(a). Sarabia contends the district court abused its discretion when it sentenced her to a sentence at the upper end of the applicable United States Sentencing Guidelines sentencing range. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.
 
 
 3
 "While lawful sentences within the applicable sentencing guideline range are not appealable, sentences that are unlawfully imposed are appealable." United States v. Cervantes-Valenzuela, 931 F.2d 27, 28 (9th Cir.1991) (citations omitted). Sarabia argues that her sentence was imposed in violation of law because the district court based its sentencing decision "upon the presumed conduct of others and over the contrary recommendation of the government." We have jurisdiction because a sentence imposed for conduct not legally attributable to the defendant would be in violation of the law. See 18 U.S.C. § 3553 (describing factors to be considered by sentencing court and focusing on conduct of the defendant); U.S.S.G. § 1B1.4 ("In determining the sentence to impose within the guideline range, ... the court may consider, without limitation, any information concerning the background, character and conduct of the defendant.")
 
 
 4
 On the merits, we disagree with Sarabia's characterization of the district court's statements during sentencing and conclude that the district court sentenced Sarabia based solely upon her own actions as they related to the offense of conviction. The district court faulted Sarabia because she failed to inquire into where the money came from, not because the person who provided her the money was guilty of illegal acts. Additionally, we note that although "[a] district court must consider the government's sentencing recommendation[,] it is not required to follow it." United States v. Pelayo-Bautista, 907 F.2d 99, 102 (9th Cir.1990). Accordingly, the district court did not violate the law when it imposed sentence on Sarabia. See Cervantes-Valenzuela, 931 F.2d at 29.
 
 
 5
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34.4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Circuit R. 36-3