5 F.3d 541
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Juan Jose GONZALEZ-VALDEZ, Defendant-Appellant.
 No. 92-10320.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 11, 1993.*
Decided Aug. 25, 1993.
 
 Appeal from the United States District Court for the Eastern District of California; No. CR-91-00537-DFL, David F. Levi, District Judge, Presiding.
 D.Cal.
 GRANTED AND AFFIRMED.
 Before: PREGERSON, BRUNETTI and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Juan Jose Gonzalez-Valdez appeals his 24-month sentence imposed following entry of a guilty plea to being a deported alien found in the United States in violation of 8 U.S.C. Sec. 1326.
 
 
 3
 Pursuant to Anders v. California, 386 U.S. 738 (1967), Gonzalez-Valdez's counsel submitted a supplemental brief which identified two possible issues for review: whether the district court violated the requirements of 18 U.S.C. Sec. 3353(c)(1) when it failed to state on the record the reasons for choosing the particular sentence imposed; and whether the district court abused its discretion by failing to adequately consider mitigating factors when imposing sentence.[1] Counsel also filed a motion to withdraw as counsel of record. We have jurisdiction under 28 U.S.C. Sec. 1291 and affirm the sentence.
 
 
 4
 Gonzalez-Valdez mistakenly assumes that 18 U.S.C. Sec. 3553(c) requires the sentencing court to provide reasons for choosing a particular sentence whenever the sentence imposed is greater than or equal to 24 months. As we explained in United States v. Howard, 894 F.2d 1085 (9th Cir.1990), however, the 24-month period refers not to the length of the actual sentence imposed but to the span of time between the low and high ends of the applicable United States Sentencing Guidelines sentencing range. Id. at 1092. Where, as here, the Guidelines sentencing range is less than 24 months, the sentencing court need not give an explanation for its choice of a sentence within the applicable range. See id.
 
 
 5
 We also reject Gonzalez-Valdez's contention that the district court's silence regarding its consideration of potential mitigating sentencing factors demonstrates that the district court did not take into account the sentencing factors enumerated in 18 U.S.C. Sec. 3553(a). "We assume that the district court knows and applies the law correctly ... and therefore considers the factors in 18 U.S.C. Sec. 3553(a)." United States v. Cervantes-Valenzuela, 931 F.2d 27, 29 (9th Cir.1991).
 
 
 6
 The motion of counsel to withdraw is GRANTED and the sentence is AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34 4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Circuit R. 36-3
 
 
 [1]
 Our independent review of the record pursuant to Penson v. Ohio, 488 U.S. 75, 83 (1988), discloses no further issues for review