5 F.3d 542
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Douglas Keith LILLY, Defendant-Appellant.
 No. 93-50108.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 23, 1993.*
Decided Sept. 2, 1993.
 
 Appeal from the United States District Court, for the Southern District of California, D.C. No. CR-89-00298-RMB; Rudi M. Brewster, District Judge, Presiding.
 S.D.Cal.
 AFFIRMED.
 Before: PREGERSON, BRUNETTI and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Douglas Keith Lilly appeals the 21-month sentence imposed under the United States Sentencing Guidelines following the revocation of his term of supervised release. Lilly contends the district court's imposition of a sentence at the high end of the applicable Guidelines range in order to provide a longer term of mental health treatment at the Bureau of Prison's hospital in Springfield, Missouri, where Lilly had requested he be incarcerated, violated his right to due process under the Fifth Amendment. We have jurisdiction under 28 U.S.C. Sec. 1291 and affirm.
 
 
 3
 While the Sentencing Reform Act does not authorize appellate review of a lawful sentence within the applicable Sentencing Guidelines range, United States v. Pelayo-Bautista, 907 F.2d 99, 101 (9th Cir.1990), sentences that are unlawfully imposed are appealable. 18 U.S.C. 3742(a); United States v. Gomez-Padilla, 972 F.2d 284, 285 (9th Cir.1992); United States v. Cervantes-Valenzuela, 931 F.2d 27, 28 (9th Cir.1991). We have jurisdiction to review Lilly's claim that the sentence was imposed in violation of his right to due process. See Cervantes-Valenzuela, 931 F.2d at 28.
 
 
 4
 Here, at the sentencing hearing on the revocation of his supervised release, Lilly told the district court that he has chronic mental problems and requires constant medication. He asked the district court to recommend that he be incarcerated at the Bureau of Prison's hospital at Springfield, Missouri, where it would be possible to obtain treatment. Lilly also requested a sentence at the low end of the 15- to 21-month sentencing range. The district court granted one request, recommending that Lilly be incarcerated at Springfield, but sentenced him to the high end of the range. The district court explained that it was imposing a term at the high end of the applicable range "to maximize [Lilly's] psychological therapy and treatment so that, when he does get out, he's got a reasonable chance of staying out."
 
 
 5
 Lilly argues that it was improper for the court to give him a longer sentence based on his need for treatment that he might not receive, because the district court not be certain that the Bureau of Prisons would follow its recommendation. We note that while the district court was empowered only to recommend to the Bureau of Prisons that a defendant receive medical treatment while incarcerated, it was specifically required to consider a defendant's need for medical treatment in selecting a term within the guideline range. See 18 U.S.C. Sec. 3553(a)(2)(D). Accordingly, it was within the district court's discretion to consider the possibility that in Lilly's case a longer term of treament might be more effective than a shorter one, and its consideration of that factor in selecting a term at the high end of the guideline range did not violate Lilly's right to due process. See 18 U.S.C. Sec. 3553(a)(2)(D); Cervantes-Valenzuela, 931 F.2d at 29.
 
 
 6
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, Lilly's request for oral argument is denied
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3