21 F.3d 1119
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Thomas Howard YEAKLEY; Aline Yeakley, Defendants-Appellants.
 No. 93-30340.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 25, 1994.*
Decided March 30, 1994.
 
 Before: FLETCHER, BRUNETTI, and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Thomas H. Yeakley and Aline I. Yeakley ("the Yeakleys") appeal their convictions and 4-month sentences, following a jury trial, for knowingly and fraudulently concealing property and willfully aiding and abetting the concealment of property during a bankruptcy proceeding in violation of 18 U.S.C. Secs. 152, 2. The Yeakleys contend that the evidence was insufficient to support their convictions and that the district court failed to state adequate reasons for sentencing them each to four months in prison. We have jurisdiction pursuant to 28 U.S.C. Sec. 1291. We affirm.
 
 
 3
 * Sufficiency of the Evidence
 
 
 4
 The Yeakleys contend that the evidence was insufficient to support a finding that they knowingly and fraudulently concealed property from the bankruptcy trustee. We disagree.
 
 
 5
 In determining whether the evidence is sufficient to sustain a conviction, we must view that evidence in the light most favorable to the government and determine whether any rational factfinder could have found the essential elements of the crime beyond a reasonable doubt. United States v. Weinstein, 834 F.2d 1454, 1460 (9th Cir.1987) (citing Jackson v. Virginia, 443 U.S. 307, 318-19 (1979)). If the record could support conflicting inferences, we "must presume--even if it does not affirmatively appear in the record--that the trier of fact resolved any such conflicts in favor of the prosecution, and must defer to that resolution." Jackson, 443 U.S. at 326.
 
 
 6
 Title 18 U.S.C. Sec. 152 provides that "[w]hoever knowingly and fraudulently conceals from a ... trustee ... of the court charged with control or custody of property ... any property belonging to the estate of a debtor" shall be guilty of bankruptcy fraud. 18 U.S.C. Sec. 152. For purposes of section 152, concealment may mean withholding knowledge of assets about which the trustee should be told. Weinstein, 834 F.2d at 1462.
 
 
 7
 The Yeakleys were indicted for knowingly and fraudulently concealing and willfully aiding and abetting the concealment of property belonging to Mr. Yeakley and his ex-wife. The property consisted of an interest in real property in Oregon. The evidence presented at trial established that the Yeakleys did not reveal their interest in the real property to their attorney, in their bankruptcy petition and schedules, or to the bankruptcy trustee during a bankruptcy hearing. Moreover, the bankruptcy trustee testified that during the hearing, the Yeakleys mislead him as to the type and value of the property in question.
 
 
 8
 The Yeakleys had an affirmative duty to reveal their interest in the real property in question. See 11 U.S.C. Sec. 521 (requiring debtors to list all creditors, assets, and liabilities). Thus, because the evidence presented at trial established that the property was concealed from the trustee, a rational factfinder could conclude that the Yeakleys knowingly concealed their interest in the property in violation of section 152. See Weinstein, 834 F.2d at 1462. Moreover, because the bankruptcy trustee testified that the Yeakleys misled him regarding the property, a rational factfinder could conclude that the Yeakleys fraudulently concealed property in violation of section 152. See id. To the extent that the Yeakleys argue that there was evidence which supports their innocence, we must assume that the jury resolved any evidentiary conflicts in favor of the prosecution. See Jackson, 443 U.S. at 326.
 
 II
 Sentencing
 
 9
 The Yeakleys contend that the district court erred by sentencing the Yeakleys each to four months of imprisonment. The Yeakleys argue that the district court did not consider the factors in 18 U.S.C. Sec. 3553, but instead sentenced them to a prison term for refusing to accept responsibility for their offenses. We disagree that the court's statement regarding acceptance of responsibility indicates that it failed to exercise its discretion or that it unconstitutionally sentenced the Yeakleys.
 
 
 10
 Where, as here, the Guidelines range is less than 24 months, the district court is not required to give an explanation for imposing a sentence at a particular point within the range. See United States v. Cervantes-Valenzuela, 931 F.2d 27, 29 (9th Cir.1991). "We assume that the district court knows and applies the law correctly, and therefore considers the factors in ... [section] 3553(a)." Id. (citation omitted).
 
 
 11
 Simply because the court chose to emphasize the Yeakleys failure to accept responsibility for the offenses does not mean that the court failed to consider the other factors in section 3553 or that the sentence was imposed in violation of the law. See id. To the extent the Yeakleys argue that being required to accept responsibility for the offenses violated their rights against self-incrimination and to a jury trial under the Fifth and Sixth Amendments because they would have been required to retract their trial testimony and admit perjury, we note that it is possible for defendants to exercise their right to a jury trial and accept responsibility for their crimes. See, e.g., United States v. Gonzalez, 897 F.2d 1018, 1020 (9th Cir.1990) (listing circumstances where a defendant may be entitled to a reduction for acceptance of responsibility despite exercising his right to a trial). While the Yeakleys are correct in noting that accepting responsibility for their crimes might require them to contradict their trial testimony and confess perjury, such self-made predicaments do not constitute constitutional errors. See id. at 1020-21.
 
 
 12
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3