37 F.3d 1507
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Lorenzo Duane WASHINGTON, Defendant-Appellant.
 No. 94-50283.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Sept. 13, 1994.
Decided Oct. 12, 1994.
 
 Before: FEINBERG,* SCHROEDER and KOZINSKI, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 1. Lorenzo Duane Washington appeals from a sentence of eight months incarceration subject to the modification of serving the last four months in a halfway house if Washington signs certain forms authorizing release of information to the Probation Office. Appellant asserts that his refusal to sign the forms was protected by law, and that the judge improperly "punished" him for refusing to authorize the Probation Office to verify his military service, education and employment history. Although there appears to be some question as to whether Washington raised this issue in the district court, we believe it appropriate to decide the appeal on the merits.
 
 
 3
 2. The district court did not act unlawfully in imposing an eight-month custodial sentence subject to modification if Washington signs the release forms. The sentence was within the applicable guidelines range. The district court was free to consider Washington's refusal to sign the forms in assessing his character and conduct for the purposes of sentencing. United States v. Cervantes-Valenzuela, 931 F.2d 27, 28-29 (9th Cir.1991) (citing 18 U.S.C. Sec. 3661 and U.S.S.G. Sec. 1B1.4). Appellant had no right, constitutional or otherwise, to require the court to rely on his unverified assertions and grant him the more lenient sentence of assignment to a halfway house. Certainly, before permitting Washington to serve part of his sentence in a halfway house, the judge would have had to satisfy himself that Washington was eligible for such treatment and that he would abide by the rules and conditions that presumably apply in such an institution. See, e.g., United States v. Ricketts, 651 F.Supp. 283 (S.D.N.Y.), aff'd 838 F.2d 1204 (2d Cir.1987). Appellant's refusal to cooperate with the Probation Office in following its usual verification procedures did not augur well for the success of such a placement.
 
 
 4
 3. The cases cited by appellant are all factually distinguishable. We have considered all of appellant's arguments and they are without merit.
 
 
 5
 AFFIRMED.
 
 
 
 *
 The Honorable Wilfred Feinberg, Senior Circuit Judge, United States Court of Appeals for the Second Circuit, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3