46 F.3d 1146
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Epifanio BAENA-GABRIEL, Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellee,
v.
Victor Manuel PEREZ-VALDEZ, Defendant-Appellant.
 Nos. 94-50056, 94-50094.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Nov. 2, 1994.
Decided Jan. 11, 1995.
As Amended on Denial of Rehearing and Rejection of Suggestion
for Rehearing En Banc Feb. 28, 1995.
 
 Before: WIGGINS, KOZINSKI and THOMPSON, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Defendants Baena-Gabriel and Perez-Valdez were convicted of conspiracy to distribute cocaine in violation of 21 U.S.C. Sec. 846, 841(a)(1), and using a gun during a drug trafficking crime in violation of 18 U.S.C. Sec. 924(c). We affirm.
 
 
 3
 1. The entrapment instruction was substantially the same as the instruction that was given in United States v. Lorenzo, No. 93-50821, slip op. 17, 24-26 (9th Cir. Jan. 3, 1994), and, for the reasons stated there, the instruction was proper.
 
 
 4
 2. The evidence showed that Perez-Valdez committed several overt acts in furtherance of the conspiracy, including acting as a lookout and flashing money during the reverse sting at the mall, that Perez-Valdez and Baena-Gabriel had an agreement to purchase a large quantity of drugs, that Perez-Valdez was aware of the purpose of the conspiracy, and that Perez-Valdez was at the shopping mall to buy cocaine. See Perez-Valdez GER 8, 67-71, 82-83, 103. This is sufficient to convict Perez-Valdez of conspiracy to distribute cocaine. See United States v. Thomas, 887 F.2d 1341, 1347 (9th Cir.1989); United States v. Power, 881 F.2d 733, 737 (9th Cir.1989).
 
 
 5
 3. The evidence was sufficient to convict both Perez-Valdez and Baena-Gabriel of using a firearm in relation to a drug trafficking offense under 18 U.S.C. Sec. 924(c). The firearm belonged to Baena-Gabriel, he placed it in the truck, and it was close to the $14,000 that was going to be used to buy drugs. See Baena-Gabriel GER 103, 109-11, 142-43. For his part, Perez-Valdez was a knowing participant in the conspiracy, his reason for being at the mall was to buy drugs with the money, and he sat in the car throughout the transaction. See Perez-Valdez GER 8, 16-17, 67-68, 103. From these facts, the jury could infer that both Perez-Valdez and Baena-Gabriel knew the gun was in the truck next to the drug money, and that it emboldened them to commit the crime. United States v. Torres-Medina, 935 F.2d 1047, 1049-50 (9th Cir.1991).
 
 
 6
 4. The district court did not abuse its discretion in admitting the DEA agent's testimony concerning countersurveillance techniques. See United States v. Fleishman, 684 F.2d 1329, 1335 (9th Cir.1982).
 
 
 7
 5. Baena-Gabriel has presented no evidence that the sentencing judge in fact failed to consider the individual factors set out in 18 U.S.C. Sec. 3553 in deciding to sentence Baena-Gabriel to the high end of the guideline range, and the judge did not need to state her reasons for the sentence because the range was not greater than 24 months. 18 U.S.C. Sec. 3553 (Supp.1994); United States v. Cervantes-Valenzuela, 931 F.2d 27, 29 (9th Cir.1991).
 
 
 8
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3