56 F.3d 74
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Georgette LATTIMORE, Defendant-Appellant.
 No. 94-10497.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 16, 1995.*
Decided May 19, 1995.
 
 Before: WALLACE, Chief Judge, HUG and NOONAN, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Georgette Lattimore appeals her sentence of 24 months imposed following revocation of her supervised release. Lattimore contends that when imposing her sentence, the district court failed to consider the sentencing disparity between her and other defendants with similar records who have been convicted of similar conduct as required by 18 U.S.C. Sec. 3553(a)(6). We have jurisdiction pursuant to 28 U.S.C. Sec. 1291. After a de novo review, we affirm. See United States v. Lockard, 910 F.2d 542, 543-44 (9th Cir. 1990) (district court's application of a statute is reviewed de novo).
 
 
 3
 Before revoking a defendant's supervised release and imposing imprisonment, the district court shall consider the factors enumerated in 18 U.S.C. Sec. 3553(a). See 18 U.S.C. Sec. 3583(e). "[T]he need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct" is one of the factors. 18 U.S.C. Sec. 3553(a)(6). If the imprisonment does not exceed 24 months, the district court need not expressly mention each individual factor, but should state generally its reasons for imposing the sentence. See United States v. Cervantes-Valenzuela, 931 F.2d 27, 29 (9th Cir. 1991) (per curiam) (we assume that district court has considered factors in 18 U.S.C. Sec. 3553(a); thus, its mentioning one of the factors does not indicate its failure to consider the others); Lockard, 910 F.2d at 546 (18 U.S.C. Sec. 3553(c) requires district court to explain its general reasons when it imposes a sentence not exceeding 24 months); cf. United States v. Price, No. 91-10377, slip op. 4573, 4579-80 (9th Cir. April 21, 1995) (when a sentence exceeds 24 months, district court shall render a statement that expressly considers sentencing factors in 18 U.S.C. Sec. 3553(a)).
 
 
 4
 Here, the district court imposed the statutory maximum sentence of 24 months. See 18 U.S.C. Sec. 3583(e). Lattimore argues that the district court did not "fully consider [her] violation conduct ... and [did not] compare her conduct with others who have committed similar" violations. However, the district court's failure to mention one particular factor listed in 18 U.S.C. Sec. 3553(a) does not invalidate the sentence. See Cervantes-Valenzuela, 931 F.2d at 29; cf. Price, No. 91-10377, slip op. at 4579-80. At the sentencing hearing, the district court discussed Lattimore's character and history, talked about the circumstances of the instant violation, and expressed its intention to defer Lattimore's commission of future crimes. In explaining its reasons for imposing the statutory maximum, the district court stated:
 
 
 5
 The defendant has demonstrated during her entire adult lifetime an amazing propensity and talent for deceiving and defrauding other people ... [and has] been a danger to everyone that [she has] come into contact with -- against whom [she has] taken advantage.... The determination is made because of the necessity of protecting the public.
 
 
 6
 Based upon the record, we conclude that the district court satisfied the requirements of 18 U.S.C. Sec. 3553(a) and sufficiently stated its reasons when imposing Lattimore's sentence. See 18 U.S.C. Secs. 3553(a), (c); Cervantes-Valenzuela, 931 F.2d at 29; Lockard, 910 F.2d at 544-46.
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed. R. App. P. 34(a); 9th Cir. R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3