106 F.3d 410
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Greg Anthony KINCAID, Defendant-Appellant.
 No. 96-30077.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 7, 1996.*
Decided Jan. 15, 1997.
 
 1
 Before: BRUNETTI and O'SCANNLAIN, Circuit Judges; WILLIAMS,** District Judge.
 
 
 2
 MEMORANDUM***
 
 
 3
 Defendant Greg Anthony Kincaid appeals the 24-month sentence imposed upon him pursuant to 18 U.S.C. § 3583 after his violation of a term of his supervised release. Kincaid was originally sentenced to 27 months in custody, to be followed by three years of supervised release, after a jury found him guilty of two counts of interstate communication of threats to injure the person of another. The terms of Kincaid's supervised release contained a set of standard conditions as well as a number of special conditions, including one that "[t]he Defendant shall not possess alcoholic beverages nor enter an establishment where alcohol is the primary item of sale." However, less than 48 hours after his release from prison, Kincaid purchased a six-pack of beer and consumed at least four bottles from that pack, a fact that Kincaid admitted at the resentencing hearing.
 
 
 4
 Kincaid argues that his 24-month sentence is unreasonable. We have jurisdiction under 18 U.S.C. § 3742(a) and 28 U.S.C. § 1291 and affirm.
 
 
 5
 * This appeal concerns the sentencing of a defendant for his violation of supervised release, an offense for which there is no applicable sentencing guideline. The appellate court reviews a sentence selected in the absence of an applicable sentencing guideline to see if it is "plainly unreasonable." 18 U.S.C. § 3742(e)(4).
 
 II
 
 6
 Kincaid argues that the district court failed adequately to consider the policy statements of the United States Sentencing Guidelines § 7B1.4(a) before it imposed the maximum sanction of 24 months incarceration, as authorized by 18 U.S.C. § 3583(e)(3). Under that section, a defendant whose term is revoked may not be required to serve more than two years in prison if the defendant's original offense was a class C or D felony. Kincaid's was a class D felony.
 
 
 7
 We have held that district courts must consider, but need not adhere to, the policy statements established by the United States Sentencing Commission and contained in 18 U.S.C. Appx § 7B1.4. United States v. Forrester, 19 F.3d 482, 484 (9th Cir.1994); see also U.S.S.G. Ch. 7 Pt. A 3(a) (comments by Sentencing Commission that in Chapter 7 it issued advisory policy statements rather than guidelines for sentences imposed upon the revocation of supervised release in order to provide district courts with greater flexibility). The record makes clear that the district judge in this case did consider, at great length, the Chapter 7 policy statement suggesting a 6 to 12 month term before he rejected it in favor of a longer sentence.
 
 
 8
 Kincaid next argues that, even if the court had discretion to exceed the 6 to 12 month term suggested in the policy statement, the court's sentence of two years is unreasonably disproportionate to the transgression of drinking a few alcoholic beverages. If the facts of the case were that simple, we might agree. However, the record shows that the court selected a two-year sentence based on a more complex set of rationales. The court expressed particular concern about the fact that Kincaid defied the terms of his supervised release blatantly and immediately, and that he had exhibited increasingly disruptive and violent behavior while incarcerated. In prison, Kincaid's escalating insubordination and violent behavior, which included throwing urine on prison staff, refusals to obey orders, and assault without serious injury, had required Kincaid be put under progressive use of restraints to be brought under control. Prior to leaving the institution, Kincaid received a total of 19 incident reports over the previous seven months. The district court reasonably interpreted the evidence as showing that Kincaid was not likely to be supervisable on release.
 
 
 9
 At the close of the revocation hearing the district court explained:
 
 
 10
 It might seem harsh to revoke an individual's supervised release and incarcerate that individual for simply drinking a few bottles of beer, and perhaps it would be, but in this case, that is only a small part of the total picture. It's only one piece of the puzzle.
 
 
 11
 It may also seem ... that this violation which appeared to have occurred within 48 hours of his release isn't really significant. But the time itself seems to the court to be significant. The defendant was only on his own for that brief period of time, and apparently, could barely wait to proceed to show his refusal to comply with the conditions of his release.
 
 
 12
 ....
 
 
 13
 [The court finds] as a matter of fact that the defendant is a risk to the public safety and that there isn't any assurance that can be given to the court that he is reasonably supervisable or manageable by the probation office.
 
 
 14
 [RT 20-21, ER 77-78].
 
 
 15
 The court's conclusion was not plainly unreasonable, particularly when examined in light of 18 U.S.C. § 3553(a)(2), which for the purposes of supervised release revocation counsels the court to impose a sentence sufficient, but not greater than necessary, to comply with the following purposes: (1) to afford adequate deterrence to criminal conduct[1]; (2) to protect the public from further crimes of the defendant[2]; and (3) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner[3]. 18 U.S.C. § 3553(a)(2) (as referenced in 18 U.S.C. § 3583(e)).[4] First, Kincaid's immediate violation of a condition of his supervised release, in addition to his increasingly violent behavior in prison, warranted a finding that incarceration would be necessary to prevent future crimes by the defendant. Second, evidence that, shortly before his release Kincaid refused to agree to a modification of the conditions of his supervised release to include a prohibition against contact with his former victims, warranted a conclusion that resentencing would serve the purposes of protecting the public. As to the third purpose, the district court recommended that Kincaid serve his term in a medical facility where he could obtain psychological counseling.
 
 
 16
 Kincaid next asserts that the district court failed to consider whether the sentence was impermissibly disparate, as required by 18 U.S.C. § 3553(a)(6), one of the factors referenced in 18 U.S.C. § 3583(e). That section asks the court to consider "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." The district court's failure to mention one particular factor listed in 18 U.S.C. § 3553(a) does not invalidate the sentence. See United States v. Cervantes-Valenzuela, 931 F.2d 27, 29 (9th Cir.1991) (per curiam). Furthermore, Kincaid references no other cases which might tend to show disparate treatment.
 
 
 17
 Finally, Kincaid suggests that the district court improperly considered Kincaid's past behavior and Kincaid's adjustment to a prison environment when fixing the sentence. We fail to see how the court's attention to these matters could be off limits where 18 U.S.C. § 3583(e), in referencing 18 U.S.C. § 3553(a)(1), specifically requires the district court to consider the "the nature and circumstances of the offense and the history and characteristics of the defendant." See 18 U.S.C. § 3553(a)(1).
 
 
 18
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for submission on the record and briefs without oral argument. Fed.R.App.P. 34(a), 9th Cir.R. 34-4
 
 
 **
 The Honorable Spencer M. Williams, Senior United States District Judge for the Northern District of California, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 18 U.S.C. § 3553(a)(2)(B)
 
 
 [2]
 18 U.S.C. § 3553(a)(2)(C)
 
 
 [3]
 18 U.S.C. § 3553(a)(2)(D)
 
 
 [4]
 We note that if the imprisonment does not exceed 24 months, the district court need not explicitly mention each individual factor enumerated in 18 U.S.C. § 3553(a), but should state generally its reasons for imposing the sentence. See United States v. Cervantes-Valenzuela, 931 F.2d 27, 29 (9th Cir.1991) (per curiam). We note that the district court in the present case did state its reasons for imposing the 24-month sentence