UNITED STATES of America,
Plaintiff–Appellee,

v.

Kenneth L. PIERCE, Defendant–
Appellant.

No. 00–10518.
D.C. No. CR–00–00077–1–GEB.

United States Court of Appeals,
Ninth Circuit.

Submitted Oct. 16, 2001 *.

Decided Dec. 13, 2001.

Before REINHARDT, HAWKINS and RAWLINSON, Circuit Judges.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

**872**

Before WALLACE, SNEED, and SKOPIL, Circuit Judges.

MEMORANDUM **

Kenneth Pierce pleaded guilty to possessing and distributing sexually explicit images of minors in violation of 18 U.S.C. §§ 2252(a)(2) and (4). On appeal, he challenges the district court's decision to impose a sentence at the high end of the applicable sentencing guideline range based on the likelihood of recidivism. We affirm.

DISCUSSION

■ We have jurisdiction because we construe Pierce's argument to be a challenge to the district court's compliance with 18 U.S.C. § 3553(a). That section mandates a district court to consider enumerated factors "in determining the sentence to be imposed." The district court's failure to consider these factors may constitute "a violation of law" that gives rise to appellate review under 18 U.S.C. § 3742(a)(1). *See United States v. Cer-*

*vantes–Valenzuela,* 931 F.2d 27, 29 (9th Cir.1991).

■ Pierce contends that the court improperly focused on recidivism and failed to consider other sentencing factors mandated by § 3553(a). The record does not support that contention. Rather, the district court repeatedly acknowledged its responsibility to consider § 3553(a) factors. The court noted Pierce's background and reviewed the nature and circumstances of the offense, the seriousness of the crime, the need to provide adequate punishment, the need to deter future misconduct, the likelihood of recidivism, and the goals and purposes of the Act. The court concluded that "in looking at all the factors, they all point to a top of the guideline sentence." Thus, the district court properly exercised its discretion by considering the factors mandated by § 3553(a).

Moreover, even if the district court unduly focused orally on the recidivism factor, no violation of law occurred because § 3553(a) does not require an express explanation for the court's sentencing decision when the sentence imposed is within the guideline range and that range does not exceed twenty-four months. *See Cervantes–Valenzuela,* 931 F.2d at 29 (citing 18 U.S.C. § 3553(c)(1)). Furthermore, "[s]imply because the court in this case chose to mention one particularly important factor does not mean that it failed to consider others or that the sentence was imposed in violation of law." *Id.* Finally, we note that there is ample support for the district court's conclusion regarding recidivism. The record indicates that the court thoroughly reviewed Pierce's background, including his prior conviction for the same conduct, the substantial amount of evidence seized from his residence, and the

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

numerous documented transmissions of pornographic images.

AFFIRMED.