UNITED STATES of America, Plaintiff–Appellee,

v.

Raul RAMIREZ–CAMPOS, Defendant–Appellant.

No. 05–50682.

United States Court of Appeals, Ninth Circuit.

Submitted Oct. 18, 2006.*

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Filed Oct. 25, 2006.

Anne K. Perry, USSD—Office of the U.S. Attorney, San Diego, CA, for Plaintiff–Appellee.

Francisco Jose Sanchez, Jr., San Diego, CA, for Defendant–Appellant.

Before: PREGERSON, GOULD, and CLIFTON, Circuit Judges.

** This disposition is not appropriate for publication and may not be cited to or by the

MEMORANDUM **

Raul Ramirez–Campos appeals the sentence imposed by the district court after he pleaded guilty to violating 8 U.S.C. § 1326 (deported alien found in the United States). We affirm.

This court reviews a district court's sentencing decisions for reasonableness. *United States v. Booker,* 543 U.S. 220, 261, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005). To determine whether a sentence is reasonable, the Ninth Circuit considers whether the sentencing judge has provided specific reasons for the sentencing decision, "such that the record on appeal demonstrates explicit or implicit consideration of the sentencing factors set forth in § 3553(a)." *United States v. Mohamed,* 459 F.3d 979, 985 (9th Cir.2006).

Ramirez–Campos argues that the district court erred by ignoring most of the 18 U.S.C. § 3553(a) sentencing factors, focusing solely on Ramirez–Campos' recidivism. The record, however, indicates that the district court did consider each of the sentencing factors and defendant's particular facts. This court has repeatedly held that a judge can adequately consider the § 3553(a) factors without mentioning each of them by name. *United States v. Mix,* 457 F.3d 906, 912 (9th Cir.2006); *United States v. Knows His Gun,* 438 F.3d 913, 918 (9th Cir.2006); *United States v. Cervantes–Valenzuela,* 931 F.2d 27, 29 (9th Cir.1991). Here, the district judge said five times on the record that he was considering all the § 3553(a) factors. The judge also said he was imposing the sentence to "avoid unwarranted sentencing disparities" between people with similar criminal histories, to "provide just punishment," and to "provide some type of a deterring impact." Given that Ramirez–

courts of this circuit except as provided by 9th Cir. R. 36–3.

Campos had already been deported twelve different times and had previous criminal convictions related to unlawful entry, these concerns were reasonable.

Ramirez–Campos also argues that his criminal history score, Category V, was "overrepresented" because his past history consisted of non-violent immigration offenses. We disagree. In *United States v. Rodriguez–Rodriguez*, 441 F.3d 767 (9th Cir.2006), this court upheld a 77–month sentence for an illegal reentry in violation of 8 U.S.C. § 1326. 441 F.3d at 773. As in the present case, the appellant in *Rodriguez–Rodriguez* had been deported but returned for family reasons. *Id.* at 769. The *Rodriguez–Rodriguez* appellant also had a mostly nonviolent criminal history. *Id.* at 770. Since a 77–month sentence in such circumstances was reasonable, a 70–month sentence in Ramirez–Campos' case is also reasonable.

Ramirez–Campos last argues that the sentencing judge committed a *Booker* error by failing to consider Ramirez–Campos' "assimilation" into American culture. Ramirez–Campos did not raise the assimilation argument in district court. As a result, the standard of review is plain error. *United States v. Cantrell*, 433 F.3d 1269, 1278 (9th Cir.2006). Since nothing indicates Ramirez–Campos is culturally assimilated into America, the district court did not err in failing to consider this factor.

**AFFIRMED.**

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.